**In the Matter of BARKER–FOWLER ELECTRIC COMPANY, Debtor.**

**Bankruptcy No. 90–80360.**

United States Bankruptcy Court, W.D. Michigan.

June 30, 1992.

---

9. The risk of there not being enough assets available for distribution to pay administrative expenses is, in the most general sense, a similar risk of loss, but is a risk much more in the control of the attorney than are the risks in the class action or personal injury suit, which come from the vagaries of juries and such. The attorney in a bankruptcy case, it is true, risks the vagaries of the local bankruptcy judge, but that is hardly the same sort of thing. Otherwise, the attorney has the opportunity to evaluate the client's financial wherewithal before taking the case, and often even takes a retainer to further minimize the risk of nonpayment. It is also, in general, easier under the disciplinary rules of most states, to withdraw from a bankruptcy case than to withdraw from a typical class action or personal injury case.

10. Creditors' Committees may not be "fiduciaries" in the way that trustees and debtors-in-possession are, but their counsel are also compensated out of the estate.

Robert D. Mollhagen, Lansing, Mich., for Jerry W. DeVore.

Russell B. Baugh, Kalamazoo, Mich., for debtor.

OPINION REGARDING MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DATED OCTOBER 7, 1991 CLARIFYING AND MODIFYING PRIOR ORDER DATED JANUARY 14, 1991

JAMES D. GREGG, Bankruptcy Judge.

## I. ISSUE

Should the court, pursuant to 11 U.S.C. § 362(d) or § 105 [1], amend or alter a previously entered judgment annulling the automatic stay to instead retroactively modify the stay to a date certain; and therefore, commence the running of the § 108(c) time extension for a second time to preserve the statute of limitations in a state court personal injury suit?

## II. JURISDICTION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(G). The court has the authority to enter a final order in this contested matter. 28 U.S.C. § 157(c)(2). The following constitutes the court's findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

## III. PROCEDURAL BACKGROUND AND FACTS

An involuntary chapter 7 petition was filed against Barker–Fowler Electric Company (herein "Debtor") on January 26, 1990. The Order for Relief was signed by this court on February 20, 1990. On November 8, 1990, Jerry W. DeVore (herein "DeVore") filed a Motion for Modification of Stay to continue a personal injury action filed against the Debtor in state court.

In the Motion for Modification of Stay, DeVore states: (1) the personal injury suit was filed on March 19, 1990 (herein "First

---

**1.** Unless otherwise noted, all future statutory references are to Title 11 of the United States Code, sometimes referred to as the "Bankruptcy Code" or "Code".

State Court Complaint"), while the personal injury attorneys were unaware the Debtor was in bankruptcy and the order for relief was in effect[2]; (2) after discovering the Debtor was in bankruptcy and contacting the chapter 7 trustee, Jack I. Wein (herein "Trustee"), the personal injury attorneys initially determined that the Debtor did not have insurance coverage to provide for DeVore's claim[3]; (3) subsequently, the personal injury attorneys were able to determine that the Debtor actually had insurance coverage for DeVore's personal injury claims[4]; (4) during the period the personal injury attorneys were attempting to discover if the Debtor had insurance coverage, the summons on the First State Court Complaint expired; and (5) because the summons on the First State Court Complaint expired, a second personal injury suit was filed seeking identical relief on September 26, 1990 (herein "Second State Court Complaint").[5]

The adjourned final hearing regarding the Motion for Modification of Stay was held on January 14, 1991.[6] The hearing was uncontested with only DeVore's attor-

---

2. In their joint deposition, DeVore's personal injury attorneys admitted that they were aware of the possibility the Debtor was in bankruptcy. While DeVore's personal injury attorneys were interviewing him before filing the First State Court Complaint, DeVore indicated the Debtor may have filed bankruptcy or gone out of business. DeVore's personal injury attorneys made no attempt to verify a bankruptcy petition was filed. They were unaware that it was a violation of the automatic stay to file the First State Court Complaint against the Debtor. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 6–8.)

3. DeVore's personal injury attorneys verified that a bankruptcy petition was filed against the Debtor in April, 1990. At that time, one of DeVore's personal injury attorneys had a conversation with a principal of a successor company of the Debtor who indicated a bankruptcy petition was filed before the First State Court Complaint was filed. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 11–14 & Exhibits 2–3.) After verifying that the Debtor was in bankruptcy, DeVore's personal injury attorneys contacted the Trustee to determine if the Debtor carried insurance regarding De-Vore's injuries. DeVore's personal injury attorneys had conversations with the Trustee on at least three occasions between June 1, 1990 and September 18, 1990. During these conversations the Trustee informed DeVore's personal injury attorneys that insurance coverage was unavailable. (*See* Trustee's Deposition at 8–11, 15–17 & Exhibits 1–3; Joint Deposition of De-Vore's Personal Injury Attorneys at 18–25 & Exhibits 5–6.)

4. After reviewing certain contract documents, DeVore's personal injury attorneys determined that, regardless of the Trustee's comments, the Debtor must have had insurance coverage. De-Vore's personal injury attorneys verified insurance coverage by contacting the Debtor's successor who subsequently sent them a certificate of insurance for approximately the relevant time period. In October, 1990, DeVore's personal injury attorneys contacted the insurance company and verified the coverage for the relevant time period. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 28–32 & Exhibits 7–9.)

5. DeVore's personal injury attorneys originally represented to the court that service on the First State Court Complaint was never completed because of fear of violating the automatic stay. In their joint deposition, DeVore's personal injury attorneys admitted that although they attempted service, the First State Court Complaint and summons were never actually served on the Debtor. The complaint and summons were returned to DeVore's personal injury attorneys unclaimed. (*See* Joint Deposition of Personal Injury Attorneys at 10 & Exhibit 1–A.)

The expiration date for the summons was September 18, 1990. At or near the expiration date, DeVore's personal injury attorneys made a decision regarding the preservation of the personal injury suit against the Debtor. The attorneys determined there were two alternatives under state law to toll the statute of limitations: (1) they could request an extension of the summons so it would not expire; or (2) they could allow the summons to expire and file a second lawsuit against the Debtor. Because of time constraints, DeVore's personal injury attorneys decided that allowing the summons to expire and filing a second lawsuit would be the "easier" alternative. (*See* Joint Deposition of De-Vore's Personal Injury Attorneys at 26–28.)

After filing the Second State Court Complaint, DeVore's personal injury attorneys learned that their state law determination regarding tolling the statute of limitations may have been incorrect. Consequently, the attorneys decided to consult a bankruptcy attorney to determine if bankruptcy law may have tolled the state statute of limitations. The attorneys decided to file the Motion for Modification of Stay. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 34–35 & Exhibits 10–11.)

6. The original final hearing was scheduled for December 4, 1990. Because of improper service by DeVore, the final hearing was renoticed and adjourned to January 14, 1990.

ney appearing. Relief from stay was granted and an order was submitted by DeVore's attorney and signed by the court. The January 14, 1991 Stipulated Order Modifying Stay (herein "January 14, 1991 Order")[7] stated, in pertinent part:

IT IS ORDERED that the automatic stay is modified as to Jerry W. DeVore to permit Jerry W. DeVore to continue litigation, currently pending in the [state court], against Debtor Barker Fowler Electric Co. for the purpose of: obtaining discovery concerning Jerry W. DeVore's personal injury claims, to determine the amount of Jerry W. DeVore's claim, to seek recovery from Debtor's insurance company, and not to proceed against the Debtor or [D]ebtor's assets with respect to any judgment obtained.[8]

On June 4, 1991, DeVore filed a Motion for Interpretation and Amendment of Order Modifying Stay Including Request for Additional Relief From Stay (herein "Motion for Interpretation and Amendment of January 14, 1991 Order"). In the Motion for Interpretation and Amendment of January 14, 1991 Order, DeVore states: (1) the state court judge dismissed the Second State Court Complaint because it was not filed within the Michigan three year statute of limitations[9]; (2) the January 14, 1991 Order was imprecise and unclear because it did not terminate nor annul the stay, therefore it did not validate the Second State Court Complaint as was intended; (3) a motion for reconsideration has been granted by the state court judge[10]; and (4) failure to grant the requested relief would unfairly punish DeVore.

The Motion for Interpretation and Amendment of January 14, 1991 Order specifically requested the court to either: (1) amend the January 14, 1991 Order, terminate the stay as of the date of the amended order, and set forth that the thirty day time period in § 108(c)[11] commences to run as of the date of the amended order; or (2) "retroactively annul"[12] the stay to Septem-

---

**7.** Although the January 14, 1991 Order is stated to be "stipulated", it was akin to a default order.

**8.** If DeVore's personal injury attorneys had filed a complaint in state court within 30 days after the January 14, 1990 Order was signed, § 108(c) would have tolled the Michigan statute of limitations. No such complaint was filed. It is important to note that even at this point, DeVore's personal injury attorneys were apparently conducting the proceedings in bankruptcy court without the assistance of knowledgeable bankruptcy counsel. DeVore's personal injury attorneys admittedly had no substantive knowledge of bankruptcy law and rules. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 58.) Additionally, neither the Motion for Modification of Stay nor DeVore's counsel represented to the court that the Michigan statute of limitations expired after the involuntary petition was filed. If the court were so informed, it may have requested the January 14, 1991 Order include language indicating that § 108(c), as a matter of federal bankruptcy law, extended any applicable Michigan statute of limitations an additional 30 days.

**9.** The state court order only states that the Second State Court Complaint is barred by the three year Michigan statute of limitations. There has been representations by DeVore's counsel that the state judge's reasoning for dismissing the Second State Court Complaint was because it was a void action against the automatic stay. The state court order itself does not indicate whether its reasoning was based on

bankruptcy law, allowing the First State Court Complaint and summons to expire under state law rather than seek an extension of the summons period, or both.

**10.** Although questionably relevant at best, there is no evidence before the court whether the Motion for Reconsideration has been held. A Third State Court Complaint was filed beyond the § 108(c) 30 day limitation on March 25, 1991, in an attempt to preserve the statute of limitations. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 48–49.)

**11.** 11 U.S.C. § 108(c) states, in pertinent part:

[I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after notice of the termination of expiration of the stay under § 362 ... with respect to such claim.

**12.** While the term "retroactively annul" was used in the Motion for Interpretation and Amendment of January 14, 1991 Order, DeVore's intent was to request "retroactive modification" of the automatic stay to a date certain beyond the filing date.

ber 19, 1990, and commence the § 108(c) time period forthwith to validate the filing of DeVore's Second State Court Complaint.

■ A hearing was held regarding the Motion for Interpretation and Amendment of the January 14, 1991 Order on June 18, 1991. At the conclusion of the hearing, this court issued a bench decision amending the January 14, 1991 Order, under FED. BANKR.R.PRO. 9024, to annul the stay with regard to DeVore. Regarding the effect of the annulment, this court stated that "[a]n annulment under bankruptcy law means that in effect as to Jerry DeVore the stay was never effective or applicable. Annulment means just as if there was never any stay in effect as to Jerry DeVore. And, in fact, it relates back to the beginning of the case."[13] (*See* Trial Transcript, June 18, 1991, at 11.)

An Order Clarifying and Modifying Prior Order Dated January 14, 1991 Pursuant to Bankruptcy Rule 9024 was signed by this court on October 7, 1991 (herein "October 7, 1991 Order"). The October 7, 1991 Order stated, in pertinent part:

> IT IS HEREBY ORDERED that this Court's Order Modifying Stay as to Jerry W. DeVore bearing date of January 14, 1991, is hereby clarified and modified pursuant to Bankruptcy Rule 9024 such that the automatic stay of 11 U.S.C. § 362(a) as to Jerry DeVore only was annulled effective January 14, 1991. This Order shall have the same effective date as the Order Modifying Stay dated January 14, 1991.

On October 15, 1991, DeVore filed its Motion for Reconsideration of this Court's Order Dated October 7, 1991 Clarifying and Modifying Prior Order Dated January 14, 1991 Pursuant to Bankruptcy Rule 9024 (herein "Motion for Reconsideration of October 7, 1991 Order"). In the Motion for Reconsideration of October 7, 1991 Order, DeVore states: (1) the court's intent in annulling the automatic stay was to avoid "manifest injustice"; (2) the October 7, 1991 Order annulling the automatic stay

was different and greater than the relief requested in the Motion for Interpretation and Amendment of January 14, 1991 Order; and (3) after analyzing the issues, DeVore believes that annulment of the automatic stay will preclude the bringing of the personal injury suit. Pursuant to the Motion for Reconsideration of October 7, 1991 Order, DeVore requests the court to fashion equitable relief under § 105(a) to enable the continuation of the state court personal injury suit.

A hearing on the Motion for Reconsideration of October 7, 1991 Order was scheduled for November 12, 1991 and subsequently adjourned to January 16, 1992. At that hearing, after request by the Debtor's counsel, the court determined it was necessary to schedule an evidentiary hearing. On March 3, 1992, the court held a telephonic status conference with attorneys for DeVore and the Debtor. As a result of the status conference, the parties filed a Stipulated Order Regarding Facts and Scheduling Matters on April 8, 1992 which adjourned the evidentiary hearing without date. According to the stipulated order, the parties agreed the deposition of the Trustee with attached exhibits and the joint deposition of DeVore's personal injury attorneys with attached exhibits would be admitted as evidence for the purposes of deciding the Motion for Reconsideration of October 7, 1991 Order. Additionally, the parties agreed the summons issued with the First State Court Complaint would be admitted into evidence and considered by the court.

DeVore filed a Memorandum in Support of the Motion for Reconsideration of October 7, 1991 Order on April 27, 1991. The Debtor filed a Brief in Response to the Motion for Reconsideration of October 7, 1991 Order on May 18, 1992.

## IV. DISCUSSION

### A. FED.R.BANKR.P. 9023 & 9024.

■ DeVore's Motion for Reconsideration of October 7, 1991 Order requests re-

---

13. Because the effect of annulment is that it renders the stay a nullity, as if it never existed, both the First State Court Complaint and the Second State Court Complaint were validated.

*See Williams v. United Inv. Corp. (In re Williams),* 124 B.R. 311, 316 (Bankr.C.D.Cal. 1991).

lief pursuant to FED.R.BANKR.P. 9024 which generally adopts FED.R.CIV.P. 60 and authorizes the court to grant relief from a judgment or order because of clerical mistakes, mistakes, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. FED.R.BANKR.P. 9023 generally adopts FED.R.CIV.P. 59 which authorizes a court to grant new trials and amend judgments. FED.R.CIV.P. 59(e) authorizes a court to alter or amend a judgment if a motion is served within ten days after the entry of judgment. A motion to amend or alter a judgment is appropriate if the court failed to grant relief on a claim to which it found that a party was entitled. *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 639, 116 L.Ed.2d 657 (1991); *Continental Casualty Co. v. Howard*, 775 F.2d 876, 883 (7th Cir.1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986); C. WRIGHT & A. MILLER, FEDERAL PRAC. & PROC. § 2817, at 111 (1973 & Supp. 1992) [hereinafter WRIGHT & MILLER]; *see also White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) ("[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.")

■ "There is a considerable overlap between Rule 59(e) and Rule 60." WRIGHT & MILLER, *supra,* § 2817, at 110. The difference between the rules is that FED. R.CIV.P. 59(e) applies to amend or alter a *substantive aspect* of a judgment, while FED.R.CIV.P. 60 applies to *collateral matters*. *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir.1988). Although DeVore styled the Motion for Reconsideration of October 7, 1991 Order under FED. R.BANKR.P. 9024, "the style of a motion is not controlling". *Id.* A court has the authority to consider a motion filed under

FED.R.CIV.P. 60 as a motion to alter or amend judgment under FED.R.CIV.P. 59(e). *See, e.g., United States v. Gargano*, 826 F.2d 610, 611 (7th Cir.1987); *Finch*, 845 F.2d at 259; *In re Republic Fabricators, Inc.*, 104 B.R. 933, 941–44 (Bankr.N.D.Ind. 1989).

DeVore's Motion for Reconsideration of October 7, 1991 Order requests relief which is consistent with FED.R.CIV.P. 59(e). DeVore desires the court to modify its judgment to comport with the requested relief in the Motion for Interpretation and Amendment of January 14, 1991 Order. Specifically, DeVore requests the court to amend or alter its judgment annulling the automatic stay to declare that the stay was retroactively modified as of September 19, 1990. Annulment of the stay and retroactive modification of the stay to a date certain are two different and distinct substantive issues. In effect, DeVore argues that this court failed to grant relief on a claim to which it found that DeVore was entitled. *See* WRIGHT & MILLER, *supra,* § 2817, at 111.

■ DeVore's Motion for Reconsideration of October 7, 1991 Order was filed with the court on October 15, 1991 within the ten day period mandated by FED. R.CIV.P. 59(e). Due to a short delay caused by the court, the motion was not returned to DeVore's counsel for service until October 18, 1991 and, consequently, was not served until October 21, 1991. To determine whether the motion was filed within the ten day period, the court is guided by FED.R.CIV.P. 6(a) as incorporated by FED. R.BANKR.P. 9006(a). Because Saturdays, Sundays and holidays are excluded from the computation of time when the time period is less than eleven days under FED. R.CIV.P. 6(a), service on October 21, 1991 was within the FED.R.BANKR.P. 9023 time constraints.[14] Therefore, the court will

---

**14.** The court acknowledges that FED.R.BANKR P. 9006(a) states Saturdays, Sundays and holidays are excluded from the computation of time when the time period to act is less than *8 days* rather than *11 days* under FED.R.CIV.P. 6(a). DeVore's motion would be untimely served under the bankruptcy rule because Saturdays, Sundays and holidays would be included in the computation. Nevertheless, DeVore's motion is saved because of the 1991 Amendment to FED. R.BANKR.P. 9006(a) which indicates that the 11 day limit in FED.R.CIV.P. 6(a) applies to motions under FED.R.BANKR.P. 9023. *See* 9 L. KING, COLLIER ON BANKRUPTCY ¶ 9006.03, at 9006–13 (15th ed.

consider the Motion for Reconsideration of October 7, 1991 Order under FED. R.BANKR.P. 9023.

### B. *Retroactive Modification of the Automatic Stay to a Date Certain Beyond the Filing Date.*

■ DeVore's Motion for Reconsideration of October 7, 1991 Order is based on this court's § 105(a) equitable powers. Section 105(a) authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]". 11 U.S.C. § 105(a). This court has previously stated that "a bankruptcy court does not have unfettered equity power to authorize it to make any decision which it deems ·to be 'fair'." *Schewe v. Fairview Estates (Matter of Schewe )*, 94 B.R. 938, 950 (Bankr. W.D.Mich.1989); *Boyd v. Dock's Corner Assocs. (Matter of Great Northern Forest Prods.)*, 135 B.R. 46, 66 (Bankr.W.D.Mich. 1991). Additionally, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988). *Accord Childress v. Middleton Arms, Ltd. Partnership (In re Middleton Arms, Ltd. Partnership)*, 934 F.2d 723, 724 (6th Cir.1991); *Wasserman v. Immormino (In re Granger Garage, Inc.)*, 921 F.2d 74, 77 (6th Cir.1990); *Ray v. City Bank & Trust Co. (In re C–L Cartage Co., Inc.)*, 899 F.2d 1490, 1494 (6th Cir.1990); *Sumitomo Trust & Banking Co., Ltd., Los Angeles Agency v. Holly's, Inc. (Matter of Holly's, Inc.)*, 140 B.R. 643, 679 (Bankr.W.D.Mich.1992); *Great Northern Forest Prods.*, 135 B.R. at 66; *Schewe*, 94 B.R. at 950. Therefore, any § 105(a) equitable decision made by this court will necessarily be based upon an applicable section, or sections, of the Bankruptcy Code.

Sections 362(d) and 108(c) are the two provisions of the Bankruptcy Code which go to the heart of this contested matter.

In effect, DeVore requests the court to narrow its October 7, 1991 Order annulling the automatic stay to instead retroactively modify the stay to September 19, 1990. (*See* Memorandum of DeVore in Support of Motion for Reconsideration of This Court's Order Dated October 7, 1991, Clarifying and Modifying Prior Order Dated January 14, 1991 at 4.) If the court retroactively modifies the stay to such date, the October 7, 1991 Order and January 14, 1991 Order are superseded, and the § 108(c)(2) thirty day extension of the statute of limitations commences on September 19, 1990. Therefore, the Second State Court Complaint filed September 26, 1990 satisfies § 108(c) and DeVore's personal injury suit is preserved under state law.

■ "Actions taken in violation of the automatic stay *generally* are void, even if the creditor had no notice of the stay." *Smith v. First America Bank (In re Smith )*, 876 F.2d 524, 526 (6th Cir.1989) (emphasis added). *Accord Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Scrima v. John Devries Agency, Inc.*, 103 B.R. 128, 132 (W.D.Mich.1989); *Schewe*, 94 B.R. at 946. An exception to this general rule may exist based on limited equitable grounds. *Smith*, 876 F.2d at 526–27; *Mallard Pond Partners v. Commercial Bank & Trust Co. (In re Mallard Pond Partners )*, 113 B.R. 420, 422 (Bankr.W.D.Tenn.1990).

■ Retroactive relief from the automatic stay may also be appropriate in limited circumstances. *Schewe*, 94 B.R. at 951 (citing *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir.1984)). The ability to "annul" the stay pursuant to § 362(d) is the principal example of the court's authority to grant retroactive relief from the stay. Many courts, including this court, have acknowledged the authority to annul the stay pursuant to § 362(d). *See, e.g., Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir.1989); *Albany Partners*, 749 F.2d at 675; *Scrima*, 103 B.R. at 135; *In re Bresler*, 119 B.R. 400, 404 (Bankr.

1992) (The 1991 Amendment gives parties more time to file and serve a motion under FED. R.BANKR.P. 9023 because FED.R.CIV.P. 6(a) is used for computing time.).

E.D.N.Y.1990); *Schewe*, 94 B.R. at 951. *See also* 2 L. KING, COLLIER ON BANKRUPTCY ¶ 362.07, at 362–61 (15th ed. 1992) ("The use of the word 'annulling' [in § 362(d)] permits the [relief from stay] order to operate retroactively...."). Annulment of the stay is an equitable remedy and should be applied only in extreme or extraordinary circumstances. *Phoenix Bond & Indem. Co. v. Shamblin (In re Shamblin)*, 890 F.2d 123, 126 (9th Cir.1989); *Williams v. United Inv. Corp. (In re Williams)*, 124 B.R. 311, 316 (Bankr.C.D.Cal.1991); *Schewe*, 94 B.R. at 951. The effect of annulment is that it renders the stay a nullity, as if it never existed. *Williams*, 124 B.R. at 316. In essence, annulment results in the court retroactively terminating the stay to a particular party in interest as of the date the bankruptcy petition was filed.

 The court has not located, nor has counsel cited, any reported decisions where a court has granted, as requested in this motion, retroactive modification of the stay to a *date certain beyond the filing of the petition*. This court believes that, under particular circumstances, § 362(d) contemplates such relief. This conclusion is based on the plain meaning of § 362(d) which states that "the court shall grant relief from the stay ... *such as* by terminating, annulling, modifying, or conditioning such stay ...". 11 U.S.C. § 362(d) (emphasis added). *See also United States v. Ron Pair Enters.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989) (if a statute's language is plain and unambiguous, it should be enforced in accordance with its terms). The use of the term "such as" means the court is authorized to grant forms of relief from stay other than those expressly articulated in § 362(d). Therefore, this court concludes that under *extremely* limited circumstances a court may retroactively modify the stay to a date certain beyond the filing of the petition.[15]

In the bench decision regarding the Motion for Interpretation and Amendment of January 14, 1991 Order, this court clarified its previous order pursuant to FED. R.BANKR.P. 9024 and annulled the stay to "prevent manifest injustice". Because DeVore was not seeking a claim against the estate and the issue of whether the First State Court Complaint was void under bankruptcy law was first brought into issue by the state court, this court held that annulment was appropriate due to surprise, inadvertence, mistake and excusable neglect pursuant to FED.R.BANKR.P. 9024. This court acknowledged that its decision was also partially based on equitable reasons. In essence, this court did not feel, under the circumstances, that it was appropriate to allow bankruptcy law to destroy a possibly valid state court claim which would have no effect on the bankruptcy estate. It was this court's view then, and it is still this court's view, that the facts of this case warrant *annulment* of the stay.

 In analyzing the current motion and evidentiary record before the court, *retroactive modification* of the stay to September 19, 1990 is *not* warranted for four reasons. First, while this court believes that DeVore's personal injury attorneys were unaware they violated the automatic stay by filing the First State Court Complaint, they had sufficient time and resources to understand that the filing of the Second State Court Complaint violated the automatic stay. Second, the evidence indicates that DeVore's personal injury attorneys never seriously considered the effects of bankruptcy law until they discovered their interpretation of tolling the statute of limitations may have been mistaken under state law. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 34–35 & Exhibits 10–11.) Third, if DeVore's personal injury attorneys would have consulted bankruptcy counsel or represented to the court that the state statute of limitations had expired during the original Mo-

---

**15.** It seems to this court that retroactively modifying the stay to a date certain beyond the filing of the petition is a remedy even more equitable than annulling the stay. Therefore, the circumstances warranting such relief must be even more extraordinary and limited than annulment. *Cf. Schewe*, 94 B.R. at 951 ("Retroactive relief is only appropriate when a combination of factors justify the exercise of discretion to take such extraordinary action.").

tion for Modification of Stay, they would have learned filing another state court complaint within thirty days would have preserved the personal injury suit pursuant to § 108(c).[16] Fourth, this court is extremely reluctant to fashion a remedy, equitable or not, which, in effect, allows the § 108(c) time period to commence for a second time. Such a remedy under § 108(c) or § 105(a) seems overly broad, unwarranted, and inconsistent with the plain meaning of § 108(c).[17] Under these facts, retroactive modification of the stay under § 362(d) is not justified to override § 108(c)'s express language. *Cf. Glenn,* 760 F.2d at 1437 ("[W]here one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict.").

Based on the discussion above, this court holds that although retroactive modification of the stay to a date certain beyond the filing date is authorized under § 362(d), it is not warranted under these facts. As discussed above and in the previous bench opinion on June 18, 1991, annulment of the automatic stay is an appropriate remedy under these facts. Therefore, the court grants DeVore's Motion for Reconsideration of October 7, 1991 Order. However, notwithstanding its reconsideration, for the

reasons stated above, the court declines to modify its prior October 7, 1991 Order.[18]

Although it is not essential to its holding, this court believes it is necessary to address *Pettibone Corp. v. Baker (In re Pettibone Corp.),* 110 B.R. 848 (Bankr.N.D.Ill. 1990), *vacated and remanded,* 935 F.2d 120 (7th Cir.1991), which has been repeatedly referred to by both parties throughout this matter. In *Pettibone,* the bankruptcy court confronted an arguably similar factual background. After Pettibone filed a chapter 11 petition, four parties filed separate personal injury suits in state court within the applicable state statute of limitations (herein "Personal Injury Plaintiffs"). 110 B.R. at 850. Subsequently, the Personal Injury Plaintiffs were given notice of Pettibone's bankruptcy petition and advised that their suits could not proceed because of the automatic stay. The Personal Injury Plaintiffs were included in Pettibone's plan, were solicited for approval of the plan, and received notice of the confirmation of the plan. After confirmation of the plan, the automatic stay was lifted. Prior to confirmation of the plan and lifting of the stay, the state statute of limitations expired as to all the Personal Injury Plaintiffs. *Id.* at 851. After the automatic stay was lifted, the § 108(c) time

16. This court believes bankruptcy law should not be a trap for the unwary. Nevertheless, there are limits to this statement. By the time DeVore's personal injury attorneys filed the Motion for Modification of Stay, they had sufficient opportunity and resources to be aware of § 108(c). DeVore's personal injury attorneys' firm has three competent and able bankruptcy attorneys who practice in front of this court on a regular basis. (*See* Joint Deposition of DeVore's Personal Injury Attorneys at 56.) By the time this court signed the January 14, 1991 Order, DeVore's personal injury attorneys should have known the effects of terminating the stay and the time constraints of § 108(c).

17. If this court were to conclude that DeVore was, in effect, able to get a second bite at the apple, § 108(c)'s thirty day time constraint would be superfluous. The effect of such a ruling would render § 108(c) nonexistent. A creditor with a possibly viable state law suit against the debtor could allow the state statute of limitations to expire, obtain relief from the stay to pursue the state court action, then wait as long as desired to file the state court complaint because bankruptcy law preserves the state court suit. Such a result cannot be Con-

gress's intent in enacting § 108(c). If a creditor does not act within the § 108(c) 30 day period, the equitable powers of the Bankruptcy Code will not preserve the state court action. *Cf. Federal Land Bank of Louisville v. Glenn (In re Glenn),* 760 F.2d 1428, 1441 (6th Cir.) (§ 105(a) is intended to affect parties rather than state statutes), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985).

18. The only other possible remedy available is to amend the January 14, 1991 Order to specifically terminate the automatic stay as to DeVore and commence the § 108(c) 30 day time period effective January 17, 1991, the date of docketing the January 14, 1991 Order. The evidence indicates DeVore would still not meet the § 108(c) requirements under this result. Additionally, this remedy, unlike annulling the stay, would not validate the First State Court Complaint and Second State Court Complaint. Therefore, those complaints would be considered void and DeVore would not be able to argue to the state court that the filing of the Second State Court Complaint tolled the statute of limitations.

periods to file actions commenced. The Personal Injury Plaintiffs did not refile their suits during the § 108(c) time extension. *Id.*

After determining the filing of the personal injury suits were void, rather than voidable, under § 362, the bankruptcy court acknowledged that once the § 108(c) extended period for filing stay-barred actions expires, a party cannot initiate a suit against the debtor. *Id.* at 853. To avoid the Personal Injury Plaintiffs losing their state court claims, the court invoked its § 105(a) equity powers to annul the stay pursuant to § 362(d). *Id.* Therefore, the original suits were validated because the stay was a nullity to the Personal Injury Plaintiffs.[19]

On appeal, the Seventh Circuit vacated and remanded the bankruptcy court decision. The Seventh Circuit concluded that state law should be deferred to in determining whether the personal injury actions were filed before the statute of limitations expired. 935 F.2d at 121. The bankruptcy court authorized continued prosecution of the personal injury claims when it confirmed Pettibone's plan. Upon lifting of the automatic stay, "[f]ederal law assured the [Personal Injury Plaintiffs] 30 days in which to pick up the baton; if states want to give ... additional time, that is their business." *Id.*

The Seventh Circuit did not take sides in whether filing personal injury actions while the stay is in effect is void or voidable because it determined that the bankruptcy judge lacked jurisdiction to decide whether the state statute of limitations had expired in the tort cases. *Id.* at 122. The Seventh Circuit's reasoning was based on the fact that Pettibone was currently operating under a confirmed plan.

> Formerly a ward of the court, the debtor is emancipated by the plan of reorganization. A firm that has emerged from bankruptcy is just like any other defendant in a tort case: it must protect its interests in the way provided by the applicable non-bankruptcy law, here by pleading the statute of limitations in the pending cases.

*Id.*

▬▬ This court agrees that a bankruptcy court does not have jurisdiction to decide tort claims based on state law. *See* 28 U.S.C. § 157(b)(5). Whether DeVore's actions under state law to preserve the personal injury suit actually tolled the statute of limitations is an issue this court is not authorized, nor does it desire, to resolve. But the consequences of DeVore filing any state court complaint while the automatic stay was in effect is an issue within this court's jurisdiction.[20] *See* 28 U.S.C. § 157(b)(2)(G) & (O). It is therefore appropriate for this court, if and when necessary, to decide whether an action was taken in violation of the automatic stay and the effect, under bankruptcy law, of such action.

## V. CONCLUSION

This contested matter requires the court to walk the highwire between its jurisdiction and the state court's jurisdiction. This

---

**19.** Although *Pettibone* has some factual similarities to the case before this court, it is also distinguishable for two reasons. First, *Pettibone* involved a chapter 11 debtor with a confirmed plan specifically addressing the Personal Injury Plaintiffs' treatment. Second, in *Pettibone*, the Personal Injury Plaintiffs did not file a second state court complaint after they had knowledge of the automatic stay. Therefore, the Personal Injury Plaintiffs did not make a deliberate choice under state law regarding the tolling of the statute of limitations.

**20.** This court respectfully disagrees with the Seventh Circuit's conclusion that a bankruptcy court lacks jurisdiction to decide whether a violation of the stay is a "nonevent for limitations purposes". 935 F.2d at 121. *Cf. In re Chateaugay Corp.*, 132 B.R. 818, 821 n. 4 (Bankr. S.D.N.Y.1991) (disagreeing with Seventh Circuit's conclusion that "a bankruptcy court lacks jurisdiction to decide certain defenses that establish whether a personal injury claim against a bankrupt estate exists"). A determination whether an action taken in violation of the automatic stay is void, voidable, or may be annulled, should be decided by the court with the specialized knowledge and expertise to decide it—the bankruptcy court. Similarly, whether any deliberate action under state law tolls the statute of limitations should be decided by the court with the specialized knowledge and expertise to decide it—the state court.

court has been deliberate in its attempt to only decide issues within the confines of the Bankruptcy Code. In annulling the stay, the court has used its equitable powers to validate the First State Court Complaint and Second State Court Complaint. Neither the First State Court Complaint nor the Second State Court Complaint are void under bankruptcy law. Under these circumstances, *bankruptcy law* does not prevent DeVore from bringing or continuing a viable state court action against the Debtor. However, as a corollary, this court leaves to the state court any determination whether DeVore's decision to allow the First State Court Complaint to expire then refile the Second State Court Complaint tolled the state statute of limitations. This state law issue is more appropriately determined by the state court. Reiterating, DeVore's Motion for Reconsideration of October 7, 1991 Order is granted but, for the reasons stated above, the court declines to modify its prior October 7, 1991 Order.[21]

An order shall be entered accordingly.

---

**21.** The court notes that because there is no evidence of clerical mistakes, mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud, the Motion for Reconsideration of October 7, 1991 Order would also be denied if it were considered under FED. R.BANKR.P. 9024.