### In the Matter of NO–AM CORPORATION, Debtor.

**Bankruptcy No. GG 93–86073.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 4, 1998.

---

Douglas W. Van Essen, Grand Rapids, MI, for Roger Noble.

### OPINION REGARDING MOTION FOR RECONSIDERATION

JAMES D. GREGG, Chief Judge.

On July 8, 1998, the court conducted a hearing on the Trustee's Motion for Turnover of Funds, at which hearing the court found the following undisputed facts: (1) the Internal Revenue Service sent a check to the corporate Debtor in the amount of $21,041.93, representing income tax refunds and abatements due to the Debtor ("Refund"); (2) although the check was payable to the corporate Debtor, the Debtor's president, Roger Noble, deposited the check into his individual bank account. Concluding, under settled law,[1] that the Refund constituted property of the estate, the court signed and entered the Order for Turnover of Tax Refunds ("Turnover Order") on July 9, 1998. On July 20, 1998, within 10 days[2] after entry

of the Turnover Order, Mr. Noble, through counsel, filed his Motion for Reconsideration ("Motion").

■ The Motion, styled as one for "reconsideration," fails to indicate whether Mr. Noble is relying upon Fed. R. Bankr.P. 9023 or 9024, the two rules implicated in such a motion.[3] The standards governing these rules differ, although the rules overlap to some extent. *See In re Barker–Fowler Elec. Co.*, 141 B.R. 929, 935 (Bankr.W.D.Mich. 1992).

■ Because the Motion seeks to alter or amend a substantive aspect of the Turnover Order, rather than address some collateral matter, the court will treat the Motion as a motion under Fed. R. Bankr.P. 9023,[4] which makes Fed.R.Civ.P. 59 applicable to this proceeding. *In re Barker–Fowler Elec. Co.*, 141 B.R. at 935; *In re Watson*, 102 B.R. 112 (Bankr.S.D.Ohio 1989) (motions for reconsideration are construed as motions to alter or amend judgment under Rule 59(e)) (Cole, J.). Only three grounds will justify relief under Rule 59(e): "(1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *United States v. Taylor*, No. 1:90:CV:851, 1993 WL 760996, at *25 (W.D.Mich. Dec. 9, 1993); *In re Watson*, 102 B.R. at 113 (motions for reconsideration are intended to allow for the correction of manifest errors of law or fact, or for presentation of newly discovered evidence).

In support of the Motion, counsel states that "[s]ince the date of the hearing, counsel has reviewed 11 U.S.C. § 542(b) and the law of subrogation," and he argues for the first time that Mr. Noble was subrogated to the rights of the Internal Revenue Service. Therefore, so the argument goes, Mr. Noble

---

**1.** *See, e.g., Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

**2.** *See* Fed. R. Bankr.P. 9006(a).

**3.** Given that the Turnover Order is appealable as of right and therefore a "judgment," the rules governing relief from judgments and final orders are implicated. *See Smith v. Revie (In re Moody)*, 817 F.2d 365 (5th Cir.1987) (turnover orders are appealable); Fed. R. Bankr.P. 9002(5) (definition

of judgment); Fed. R. Bankr.P. 9013 (motions must state grounds for relief with particularity).

**4.** To the extent that Mr. Noble relies upon Fed. R. Bankr.P. 9024, which makes Fed.R.Civ.P. 60 applicable to this proceeding, his reliance is misplaced because he has not alleged any grounds for relief such as mistake, newly discovered evidence, fraud or other ground enumerated in that rule.

could have set off the Refund against the Debtor's tax liability and avoided the Turnover Order. *See* Motion at ¶¶ 3–5.

As appears from the face of the Motion, Mr. Noble is not asserting an intervening change in the law, or the discovery of new facts. Rather, he is advancing a new argument, based upon the law and facts available to him at the July 8 hearing. Nor may he challenge as clearly erroneous the court's conclusion that the Refund constitutes property of the estate. *See, e.g., Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

As the Sixth Circuit recently observed, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). "Rule 59(e) motions are aimed at re-consideration, not initial consideration." *Id.* (quoting *FDIC v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir. 1992)). Given Mr. Noble's failure to raise the subrogation argument at the July 8 hearing, the court's failure to grant relief to him based upon the argument is not manifestly unjust.

Finally, assuming compliance with the Code and applicable rules, the bankruptcy claims administration process provides a forum in which to address the subrogation argument.[5] Accordingly, the court's unwillingness to address the subrogation argument on this Motion is not manifestly unjust.

This court has determined that this matter may be decided without an oral hearing. Conduct of an oral hearing would only result in increased expense to the parties and delay in case administration. *See* Fed. R. Bankr.P. 1001.

For the foregoing reasons, the court will deny the Motion in a separate order.

---

5. This assumes that such an argument is later       made in the face of 11 U.S.C. § 507(d).