## TAMA BEEF PACKING INC., Debtor.

### No. 01–03822.

United States Bankruptcy Court,
N.D. Iowa.

Sept. 10, 2002.

John M. Titler, Cedar Rapids, IA, for Debtor.

Jeffrey P. Taylor, Cedar Rapids, IA, for Trustee.

## ORDER RE MOTION TO ALTER OR AMEND

PAUL J. KILBURG, Chief Judge.

On August 30, 2002, AgriProcessors, Inc. filed a Motion to Alter or Amend under Fed. R. Bankr.P. 9023 and Fed. R. Civil P. 59(e). It requests the Court amend its August 20, 2002 Order re Application for Payment of Administrative Expense and approve its administrative expense claim. AgriProcessors asserts the Order contains manifest errors of law and fact. The Court finds that further hearing or opportunity to respond will not facilitate bringing this matter to final resolution.

■■■ A motion under Rule 59(e) is not an opportunity to reargue a case. *In re No–Am Corp.,* 223 B.R. 512, 514 (Bankr. W.D.Mich.1998). "Rule 59(e) motions are aimed at re-consideration, not initial consideration." *Id.*

> [The] court has broad discretion in determining whether to grant a Fed. R.Civ.P. 59(e) motion to alter or amend judgment ... Federal Rule of Civil Procedure 59(e) was adopted to clarify a[ ] court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

*Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs.,* 141 F.3d 1284, 1286 (8th Cir.1998) (citations omitted); *DeWit v. Firstar Corp.,* 904 F.Supp. 1476, 1495 (N.D.Iowa 1995). Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. *Peters v. General Serv. Bureau, Inc.,* 277 F.3d 1051, 1057 (8th Cir.2002); *U.S. West Fin. Servs., Inc. v. Buhler, Inc.,* 150 F.3d 929, 934–35 (8th Cir.1998) (finding no abuse of discretion in denying Rule 59(e) motion which submitted additional affidavits); *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 413–14 (8th Cir.1988) (affirming denial of Rule 59 motion belatedly seeking to offer affidavits into evidence). When issues have been carefully analyzed and a judgment has been rendered, only a change in the law or the facts upon which the court's decision was based generally justifies a reconsideration or amendment of a court's previous order. *In re DEF Invs., Inc.,* 186 B.R. 671, 681 (Bankr.D.Minn.1995).

AgriProcessors attached to its Motion an Affidavit by Trustee Renee K. Hanrahan. Among other things, the affidavit sets out the current status of claims and receipts in the case. Based on these numbers, AgriProcessors now asserts Trustee is holding surplus funds in the estate of $53,453.73, after satisfying all priority claims. Trustee also states in her affidavit that Paragraph 9 was a critical part of AgriProcessors' Assignment and Assumption Agreement. She states that "but for" this provision, AgriProcessors would not have submitted its bid for assignment of Debtor's lease with the City of Tama.

■■■ The Motion and the Affidavit both refer to Paragraph 9 as providing for "break-up" fees as administrative expenses in the event AgriProcessors was unsuccessful in its purchase of Debtor's lease. That paragraph states:

> 9. **Effect of Termination.** Notwithstanding any provision otherwise con-

tained in this Agreement, the Bankruptcy Estate agrees that if the Agreement is terminated pursuant to Section 8(d) above, the AgriProcessors shall be entitled to submit an administrative claim to the Bankruptcy Court in an amount not to exceed $50,000 to allow AgriProcessors to recover a portion of its costs and expenses associated with this transaction.

AgriProcessors now asserts that the "break-up" fee was contractually negotiated in the Agreement and that, without this provision, it would not have bid for assignment of the lease. In earlier proceedings, arguments and briefs, Paragraph 9 was not described as a "break-up" fee provision, but rather a provision "to allow AgriProcessors to recover a portion of its costs and expenses" relating to the transaction. *See* Application for Payment of Administrative Expense Claim at p. 2, 4. Furthermore, previously AgriProcessors did not so adamantly contend that it would not have entered into the assignment agreement without Paragraph 9.

As was recognized in *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 528 (3d Cir.1999), the term "break-up fee" refers to a fee paid by a seller to a prospective purchaser in the event that a contemplated transaction is not consummated. The *O'Brien* Court held that a "determination whether breakup fees or expenses are allowable under §§ 503(b) must be made in reference to general administrative expense jurisprudence", and "depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *Id.* at 535. Where a break-up fee would serve to advantage a favored purchaser over other bidders, or where a potential purchaser would bid whether or not break-up fees are offered, the award of a break-up fee

cannot be characterized as necessary to preserve the value of the estate. *Id. In re American Appliance*, 272 B.R. 587, 601 (Bankr.D.N.J.2002).

## CONCLUSIONS

The Court has reviewed the Motion to Alter and Amend, Trustee Hanrahan's affidavit and the entire record as originally submitted. It concludes that the August 20, 2002 Order re Application for Payment of Administrative Expense does not contain manifest errors of law or fact. When the matter was initially submitted for ruling, the Court was aware that it was probable sufficient surplus funds would remain in the estate after satisfaction of priority claims to pay AgriProcessors' administrative expense claim in full. The fact that this is now more than a probability does not require alteration of the ruling.

AgriProcessors now describes Paragraph 9's provision for payment of expenses and costs as a "break-up" fee. Also, it is adamant that it would not have entered into the Agreement "but for" this provision. Attempts to take a "second bite at the apple" or supplement the record for purposes of appeal are beyond the intended scope of Rules 59(e). *DEF Investments*, 186 B.R. at 681. By relabeling Paragraph 9 as a "break-up" fee provision and asserting that "but for" this provision it would not have proposed its bid for the lease, AgriProcessors does not provide grounds for this Court to reverse itself under Rule 59(e). Rather, AgriProcessors is merely raising new legal theories or arguments which it could have raised before the entry of Order. Specifically, AgriProcessors appears to be refining its arguments in light of the Court's citation of the *O'Brien* case in its ruling. Regardless of whether AgriProcessors' claim is correctly described as a "break-up" fee, the determination whether it is allowable under § 503(b) must be made in reference

to general administrative expense jurisprudence and AgriProcessors' ability to show that the fees were actually necessary to preserve the value of the estate. AgriProcessors has failed to present the Court with any new law or facts which would require reversal of its original determination that it is not entitled to an administrative expense claim.

The Court concludes that the August 20, 2002 Order is not based on manifest errors of law or fact. Regardless of AgriProcessors' attempts to reformulate its argument and its perseverance in attempting to distinguish the various cases cited in the Court's ruling from the facts in this case, there is no reason to alter or amend the Order. Therefore, the August 20, 2002 Order will stand as filed.

WHEREFORE, the Application for Payment of Administrative Expense Claim filed by AgriProcessors, Inc. is DENIED.