**In the Matter of: YING LY, Debtor.**

**Matthew–Joseph Crehan, Plaintiff,**

**v.**

**Ying Ly, Defendant.**

**Bankruptcy No. GG 05–09626.**
**Adversary No. 05–81380.**

United States Bankruptcy Court,
W.D. Michigan.

Sept. 25, 2006.

Matthew–Joseph Crehan, Muskegon, in pro per Plaintiff.

Ying Ly, Holland, in pro per Defendant.

### MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

JAMES D. GREGG, Bankruptcy Judge.

#### I. PROCEDURAL BACKGROUND.

On October 21, 2005, Matthew–Joseph Crehan (the "Plaintiff") filed the above-captioned adversary proceeding against Ying Ly (the "Debtor Defendant"). The complaint alleged that a debt owed to the Plaintiff by the Debtor Defendant, which arose out of two real estate listing agreements, should be nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6). Throughout these proceedings, including the trial, both parties have represented themselves in pro per.

The adversary proceeding was tried before this court on June 12, 2006. At trial, the Plaintiff gave narrative testimony on his own behalf. The Plaintiff also called the Debtor Defendant as a witness and questioned him extensively about relevant and irrelevant matters. On numerous occasions throughout the trial, the court patiently informed the Plaintiff that his previous state court judgment against the Debtor Defendant established a breach of the listing agreements. The court repeatedly advised the Plaintiff to focus on the elements of nondischargeability under the Bankruptcy Code. The Plaintiff was given more than an ample opportunity to question the Debtor Defendant, despite the fact that there were often *extremely* long pauses in the proceedings while the Plaintiff attempted to formulate his questions. The Plaintiff was even permitted to recall the Debtor Defendant two separate times to ask additional repetitive questions at the same painful pace. Before he rest-

ed, the Plaintiff was advised that his portion of the case would be concluded. Upon questioning by the Plaintiff, the court informed him that there was no "guarantee" that the Debtor Defendant would testify again at the trial.

At the conclusion of the Plaintiff's proofs, the court issued a judgment on partial findings in accordance with Federal Rule of Bankruptcy Procedure 7052(c). The court found that, as reflected in the state court judgment, the Debtor Defendant had breached the real estate listing agreements by failing to pay the Plaintiff his sales commission. (Therefore, res judicata established the *amount* of the debt.) However, the court concluded that the Plaintiff had not established that this breach of contract rose to the level of nondischargeable fraud, 11 U.S.C. § 523(a)(2)(A), or willful and malicious injury to property of another, 11 U.S.C. § 523(a)(6). In accordance with the court's explicit findings of fact and conclusions of law, orally made after all of the Plaintiff's proofs, an order dismissing the adversary proceeding was entered on June 22, 2006.

The Plaintiff timely filed his motion for reconsideration on June 26, 2006. The Plaintiff's motion asserts that the Plaintiff was taken by surprise when the court entered its judgment on partial findings. The motion further alleges that the court "effectively derailed" the Plaintiff's case by "repeatedly interjecting comments suggesting that the Plaintiff was on the wrong track." (Motion for Reconsideration at 2–3.) (The court notes that the Plaintiff was often totally on the "wrong track"—a danger that exists when one represents himself in a bankruptcy case or adversary proceeding.) Accordingly, the Plaintiff's motion asks the court to amend its judgment after further briefing or, in the alternative, to order a new trial. The court has carefully reviewed the motion and has con-

cluded that oral argument would not materially assist in its determination regarding the requested relief.

## II. DISCUSSION.

 The Plaintiff's motion was filed pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable to this proceeding. *Matter of No–Am Corp.,* 223 B.R. 512, 513 (Bankr.W.D.Mich.1998). Alteration or amendment of a judgment under Rule 59(e) is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See GenCorp. Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). Similarly, in nonjury cases, new trials are typically ordered under Rule 59(a) only when there has been a manifest error of law or a mistake of fact. *Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir.1995), *cert. denied,* 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2804 (2d ed.1995). Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998); *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992).

 Having considered the Plaintiff's motion under these standards, and after carefully reviewing the transcript of the trial, the court finds no grounds for setting aside its prior order. The Plaintiff's motion does not present any newly discovered evidence and does not establish a change in law since the court's decision was entered. It fails to demonstrate that a clear error of law has been committed or that

the previous order must be set aside to avoid manifest injustice. It also fails to establish grounds for a new trial. Simply stated, the Plaintiff was given a full and fair opportunity to prove his case. The facts in this adversary proceeding were not sufficient to support a finding of non-dischargeability under existing bankruptcy law. It was the facts, and not the Plaintiff's lack of legal experience or inability to ask questions, that dictated the result of this action. The Plaintiff and Debtor Defendant, both representing themselves, received a fair trial and justice as provided by law.

### III. CONCLUSION.

The Plaintiff has failed to show sufficient grounds to demonstrate that the prior judgment should be amended, that a new trial should be permitted, or that further proceedings are warranted. The Plaintiff's motion is DENIED. A separate order shall enter accordingly.