**In re James W. PEKLENK and Phyllis L. Peklenk, Debtors.**

**Bankruptcy No. 3–86–03165.**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 14, 1989.

James S. Goldberg & Cathy S. Pike, Louisville, Ky., for debtors.

David T. Stosberg, Mark A. Robinson, Louisville, Ky., for Citizens Fidelity Bank & Trust Co.

J. Baxter Schilling, Louisville, Ky., for trustee.

### MEMORANDUM OPINION

J. WENDELL ROBERTS, Chief Judge.

This Chapter 7 case is before the court on the trustee's objection to the debtors' claimed exemption of certain monthly payments made to Mr. Peklenk by his former employer. In addition, a motion for relief from the automatic stay has been tendered by the creditor, Citizens' Fidelity Bank and Trust Company (hereinafter, "Citizens") relative to the source of the funds claimed by the debtors as exempt. The principals in this dispute have submitted, and we have reviewed, memoranda in support of their respective positions. A hearing thereon was conducted by then-Chief Bankruptcy Judge G. William Brown on November 4, 1987. Unfortunately for all concerned, however, Judge Brown died before issuing a ruling in the matter. On October 5, 1988, shortly after Judge Brown's death, a status hearing was conducted by the undersigned. As a result of that hearing, the parties agreed that the matter should not be re-

heard and consented to allow this court to render a ruling based upon a review of the transcript of the November 4 hearing. For the reasons hereinafter expressed, we conclude that the asset claimed as exempt is, in fact, an exempt asset, subject to the security interest asserted by Citizens.

The facts of this case may be briefly summarized as follows. Prior to filing the instant Chapter 7 petition, the debtor James W. Peklenk (hereinafter, "Peklenk") was a partner in the public accounting firm of Alexander Grant & Company, an entity now doing business as Grant Thornton (hereinafter, "Alexander Grant"). Pursuant to the provisions of their partnership agreement, Peklenk was entitled to receive monthly "Income Participation" payments from Alexander Grant for a period of ten years following his retirement from ·the firm. Peklenk retired from the firm in March 1982, and thereafter began receiving the agreed monthly payments.

On February 19, 1986, in consideration for a loan of $24,231.56, Peklenk granted Citizens a security interest in his,

"... entire partnership interest in Alexander Grant & Company ... including, without limitation, Debtor's interest in the capital, income, loss, operating proceeds, capital transaction proceeds and gain or loss on capital transactions ..."

Citizens perfected its interest by filing in the office of the Jefferson County Clerk on February 26, 1986. On November 26, 1986, the debtors filed the instant Chapter 7 petition and scheduled therein Mr. Peklenk's right to receive "Income Participation" payments as an exempt asset. Thereafter, the trustee filed an objection to the claimed exemption and Citizens moved for relief from the automatic stay, asserting its position as a secured creditor. By order entered April 27, 1987, Judge Brown directed Alexander Grant & Company to all make payments due Peklenk to Citizens, to be held in escrow, pending further order of the court.

It is the position of the debtors that the payments Mr. Peklenk receives are exempt as retirement payments under the provisions of K.R.S. 427.150. The trustee espouses a contrary view, characterizing the payments as a buyout of Mr. Peklenk's partnership investment, a theory, which if accepted by the court, would remove the asset from its asserted exempt status. In either event, Citizens has asserted that it is entitled to recover its security, and that since little or nothing would remain thereafter, the trustee should be compelled to abandon the asset.

Analysis of the facts now before this court requires that we first determine the nature of the asset here in issue. In making such a determination we observe initially that the debtors claim their exemption under the Kentucky Revised Statutes, pursuant to the election granted by 11 U.S.C. § 522(b). Under that section of the Bankruptcy Code, states may elect to "opt out" of the exemptions allowed by the Code and may substitute therefor a state exemption scheme. By virtue of its enactment of K.R.S. 427.170, Kentucky became an "opt out" jurisdiction. Accordingly our interpretation of the state exemption statutes, found in K.R.S. Chapter 427, must necessarily underlie our determination of the precise nature of the payments received from Peklenk's former partnership.

K.R.S. 427.150 provides,

"(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents ...

(b) Assets held, payments made, and amount (sic) payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, providing benefits by reason of age, illness, disability, or length of service ..."

In the case of In re Worthington, 28 B.R. 736 (Bankr.W.D.Ky.1983), Judge Brown held that use of the phrase, "similar plan or contract" reflects legislative recognition of the existence of the wide variety of sophisticated and complex retirement plans which are now common in the workplace. Because of the diversity of such plans, an exhaustive identification would be difficult to achieve in statutory form. Thus, Judge Brown reasoned, when the Kentucky legislature enacted K.R.S. 427.-

150, its inclusion of the words, "similar plan or contract" simply evidenced legislative intent not to restrict exempt status to only those arrangements specifically enumerated within the statute. Accordingly we hold that the provisions of K.R.S. 427.-150 are entitled to an expansive reading.

As we apply the law to the facts of this case, we have no trouble in concluding that the payments made to Peklenk under the "Income Participation" section of his partnership agreement are entitled to exemption. The agreement plainly recites that payments made thereunder are made only upon the partner's "retirement, death or total disability." Whether such payments are characterized as a pension, profit-sharing plan or similar plan or contract is a distinction we need not make as all are exempt, "... to the extent reasonably necessary for the support ..." of the debtor and his dependents. For the reasons which will hereafter appear, we have little difficulty in finding that the amount due Peklenk is fully exempt.

K.R.S. 427.010(4) provides that, "Notwithstanding any other provision of law, no property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of this chapter or be exempt from forced sale under process of law."

Based upon the foregoing statute, and upon the loan documents of record, there can be little question that the interest asserted by Citizens is a garden variety consensual lien and that the property encumbered thereby is not exempt from execution under K.R.S. 427.150.

The final determination we must make is one of valuation. As retirement funds are exempt only to the extent necessary for the support of the debtor and his dependents, we cannot characterize all such funds as exempt without regard to amount. The asset we consider here is, to say the least, difficult to value. It is dependent upon the yearly profit made by Alexander Grant and is therefore subject to significant fluctuation. Citizens' witness, Mr. Reynolds, indicated that, although its profits changed considerably in the time period from 1977 to 1986, Alexander Grant's net yearly growth amounted to 4.7 per cent. Applying this rate of growth to the funds due Peklenk and thereafter discounting the result to present value using a discount factor of 9 1/2 percent, Mr. Reynolds testified that the value of the asset is $31,-900.00. There is no other evidence of record which would tend to refute Reynolds' calculation; therefore we accept $31,-900.00 as a fair estimate of the value of the retirement fund.

As of the date of the hearing, principal and interest due Citizens totalled $27,-596.09. Attorneys fees, as allowed by the terms of the security agreement, amounted to $3246.00, raising the total amount due to $30,832.09. Thus it appears that there remains only about $1000.00 in excess of the amount encumbered by Citizens' security interest. When interest accruing after the date of the hearing is added, the balance remaining would be reduced to nothing, if Mr. Reynolds's estimate of the fund's value is accurate. Under no view of these facts, however, could there be a serious assertion that funds remaining after satisfaction of the debt owed Citizens, if any, would be in excess of an amount required for the support of the debtor. Accordingly, those funds, if any remain, are exempt pursuant to K.R.S. 427.150.

The memorandum opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Civ.Pro. 52.

An order consistent with this opinion will be entered this day.

## ORDER

Pursuant to the attached memorandum opinion,

IT IS ORDERED that the motion of Citizens Fidelity Bank and Trust Company for relief from the automatic stay, be, and it hereby is, SUSTAINED.

IT IS FURTHER ORDERED that the secured creditor, Citizens Fidelity Bank & Trust Company be, and it hereby is, awarded the sum of $27,596.09, plus interest at its contract rate with the debtor from No-

vember 5, 1987 until date of entry of this order and thereafter at the rate prescribed by 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that secured creditor, Citizens Fidelity Bank and Trust Company be, and it hereby is, awarded the sum of $3246.00 for its attorney fees as a part of the secured debt owed it by the debtors.

IT IS FURTHER ORDERED that trustee's objection to the debtors' claimed exemption of certain payments owing James W. Peklenk from Alexander Grant & Company be, and it hereby is, OVERRULED.

IT IS FINALLY ORDERED that any funds from Alexander Grant & Company which remain owing to James W. Peklenk after satisfaction of the debt owed Citizens Fidelity Bank & Trust Company are exempt from execution and shall be returned to the debtors, pursuant to the provisions of K.R.S. 427.150.

This is a final and appealable order and there is no just cause for delay.