In re B.I.B. COMPANY, INC. dba Vital Technologies, Debtor.

CLEARWATER PARTNERSHIP, John DiMarco and Stephen Shulman, Appellants,

v.

J. Patrick McELROY, Appellee.

No. 93–1355–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

March 10, 1994.

Roberta A. Colton, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, FL, for appellant Clearwater Partnership.

J. Patrick McElroy, Law Office of J. Patrick McElroy, Hernando, FL, pro se.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal from a ruling of Bankruptcy Judge Thomas E. Baynes, Jr. entered on June 7, 1993, allowing Administrative Expenses, and his Order of July 8, 1993, denying Motion for Rehearing or Reconsideration. Appellants Clearwater Partnership, John DiMarco and Stephen Shulman appeal two final orders of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division: 1) Order Allowing Administrative Expenses Authorizing Disbursements and Directing Payment of Dividends, dated June 7, 1993; and 2) Order Denying Clearwater Partnership, Stephen Shulman and John DiMarco's Limited Objection to Order and Motion for Rehearing of Order Allowing Administrative Expenses, Authorizing Disbursement and Directing Payment of Dividend, Based upon Clerical Notice Error, dated July 8, 1993.

## I. BACKGROUND

B.I.B. Company, Inc. ("Debtor") filed a voluntary Chapter 11 petition on December 19, 1985. J. Patrick McElroy (Appellee and "Debtor's Counsel") filed an application for attorney's fees and costs at the appropriate time, on August 3, 1987, in the amount of $19,620.00 and costs of $242.06. All credi-tors, including Appellants, were given notice of the application and twenty days to object. The notice listed the amount of the fee and cost request as $19,620.00 and $242.06 respectively. Appellants did not object.

The case was converted from a Chapter 11 proceeding to a Chapter 7 proceeding on October 19, 1987. On August 11, 1987, the attorney for the Appellants was also appointed special counsel for the Chapter 7 Trustee. In September, 1988, Appellee told the president of the Debtor corporation that he could no longer represent him nor the Debtor Corporation, and both Debtors obtained substitute counsel. Appellee renewed his request for fees and costs twice over the intervening years and both times the Bankruptcy Court deferred consideration until it could determine whether funds would be available for payment.

When the Chapter 7 case was nearing closure in April, 1993, the Trustee filed an amended preliminary report, which contained a typographical error in listing the amount of Appellee's fee request. Instead of $19,-620.00, the Trustee listed $1,975.00 in the report. The notice was mailed to all creditors, including Appellants, on April 19, 1993. It should be noted that the same attorney was representing the Trustee as was representing the Appellants. In this notice, the Honorable Thomas E. Baynes, Jr., Bankruptcy Judge, advised the creditors that they had twenty days to file any objections before the Court acted upon the application and that the reports and applications for compensation were available for inspection in the Bankruptcy Court in Tampa, Florida. No objections were filed. Two months later, on June 7, 1993, Judge Baynes signed an order allowing administrative expenses. Appellants filed a Motion for a Rehearing on this order, which was found to be "without merit" and denied on July 8, 1993. This appeal followed.

## II. DISCUSSION

█ Appellants were clearly ordered by the Bankruptcy Judge to file a written objection and request for a hearing if they objected to any application for compensation in this case. The only objection ever filed to any of the applications for compensation was during

the pendency of the Chapter 11 proceeding, on August 12, 1987, by Intertec Components, Inc., a non-party to the case on appeal. Appellants fail to cite any authority for the proposition that they can rely on an objection filed by an unrelated creditor in a different proceeding six years earlier.

■ Additionally, Appellants and their attorney received a Notice of Filing Application dated August 5, 1987, shortly after the initial application was filed. It is a specious argument that Appellants thought the application was for attorney fees of $1,925.00, when common sense would compel them to conclude that the fees could not have decreased $17,775.00 over the intervening years. Even if Appellants thought that this fee decrease had occurred, they could have inspected the records at the Bankruptcy court, as the Judge's order directed them to do, in case they wished to file an appeal. The typographical error seems insignificant to this Court, since the Appellants were noticed regarding the correct amount of Attorney's fees on August 5, 1987, and failed to file an objection at that time.

Appellants cite *In re Toth*, 61 B.R. 160 (Bankr.N.D.Ill.1986), in support of the proposition that the incorrect amount shown on the notice to creditors in 1993 precluded interested creditors from objecting. That case may be analogized to the case *sub judice*. The Court in *Toth* held that a creditor, who had received actual notice of debtor's amended plan in time to object to its confirmation, was not deprived of procedural due process rights. Likewise, Appellants also received actual notice of the correct amount of debtor's counsel's fee application on August 5, 1987, six years before the Bankruptcy Court's order of April 19, 1993. Creditors had ample time and opportunity to file an objection after receiving actual notice.

■ There is a fundamental due process requirement of notice in any proceeding which is accorded finality. Notice must be reasonably calculated to apprise interested parties and afford them an opportunity to present their objections. *Reliable Electric Co., Inc. v. Olson Const. Co.*, 726 F.2d 620, 622 (10th Cir.1984). Unlike the creditor in *Reliable* who could not be bound by the reorganization plan because he had not received "formal notice of any kind regarding the reorganization proceedings, or the time and manner of filing a claim," *Id.*, at 622, Appellants, in fact, were on actual notice of the correct amount of attorney fees being requested since 1987.

■ In bankruptcy, a procedural rule requiring notice is adequately complied with when a party does receive actual notice and has some available remedy to set aside the judgment, whether or not the party has received formal notice. *Matter of Park Nursing Center, Inc.*, 766 F.2d 261 (6th Cir.1985). Informal notice which provides creditors with opportunity for a fair hearing will satisfy the requirement of notice and procedural due process, since creditors with informal notice can thereby be afforded protection equal to that afforded creditors with formal notice. *Ascencio v. Ramirez*, 36 B.R. 943 (D.V.I. 1984).

■ The fact that Appellants did receive actual notice in ample time to act, coupled with the Court's expressed invitation in its order to review the applications and to file any objections within twenty days, means that there was no denial of procedural due process here. Appellants had both reasonable notice under the circumstances and an opportunity to be heard. Appellants chose not to timely object and are now precluded from objecting. Appellants are bound *res judicata* by the order of the Bankruptcy Court awarding attorney fees to Appellee.

■ It is within the discretion of the Bankruptcy Court to evaluate the reasonableness of all professional fees and make an independent finding. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses. F.R.B.P. 8013. The Bankruptcy Judge apparently conducted an independent evaluation since the correct amount of requested attorney fees was reflected in the final order.

By failing to file an objection pursuant to the notice of April 19, 1993, Appellants

waived their right to object to the Bankruptcy Court's Order Allowing Administrative Expenses. Moreover, the Bankruptcy Court considered the issues raised by Appellants and denied their Motion for Rehearing on July 8, 1993.

It is not necessary to reach the issues of conflict of interest, pre-petition retainer and lack of evidence to support an award because Appellants have lost their rights to raise these issues by not filing a timely appeal.

This Court affirms the Orders of the Bankruptcy Court Allowing Administrative Expenses and Denying Motion for Rehearing or Reconsideration. Accordingly, it is

ORDERED, that the Bankruptcy Court's orders be **affirmed,** the Clerk of the Court be **directed** to enter judgment in accordance with this Order, and this case is dismissed.

**DONE** and **ORDERED.**