*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 08b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re: WILLIAM DANIEL AZBILL,

      Debtor.

_____

WILLIAM DANIEL AZBILL,

      Appellant,

    v.

L. CRAIG KENDRICK, Trustee,

      Appellee.

No. 06-8074

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, Covington Division.
No. 98-21474.

Argued: November 14, 2007

Decided and Filed: March 11, 2008

Before: GREGG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Cynthia L. Effinger, SEILLER WATERMAN, Louisville, Kentucky, for Appellant.
Brian M. Ellerman, ADAMS, STEPNER, WOLTERMANN & DUSING, Covington, Kentucky, for
Appellee. **ON BRIEF:** David M. Cantor, Amber E. Trbonja, SEILLER WATERMAN, Louisville,
Kentucky, for Appellant. Dennis R. Williams, ADAMS, STEPNER, WOLTERMANN & DUSING,
Covington, Kentucky, for Appellee.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Chief Bankruptcy Appellate Panel Judge. After William Daniel Azbill ("Debtor") received a discharge and his chapter 7 case was closed, he filed suit in state court to collect the proceeds of a certificate of deposit that he had not disclosed as an asset in his bankruptcy case. When the United States trustee learned of the suit, he had the Debtor's bankruptcy case reopened. The appointed chapter 7 trustee then reached a settlement with the defendant in the state court action, a compromise that was approved by the bankruptcy court. The Debtor moved to set aside the bankruptcy court's order approving the settlement, but the court denied the motion. For the reasons that follow, we AFFIRM the order of the bankruptcy court.

### I.   ISSUES ON APPEAL

Did the bankruptcy court commit reversible error in denying the Debtor's motion to set aside the order approving the compromise because: (1) the Debtor had insufficient notice of the chapter 7 trustee's motion to approve compromise; (2) the certificate of deposit was not property of the Debtor's bankruptcy estate; or (3) the Debtor could have claimed the certificate of deposit as exempt?

### II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's order denying the Debtor's motion to set aside order approving compromise is a final, appealable order. *See In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 354 (5th Cir. 1997); *In re Moorhead Corp.*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997), *aff'd*, 201 F.3d 428, 1998 WL 1267445 (1st Cir. Feb. 4, 1998) (unpublished table decision).

Denial of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023, is reviewed only for abuse of discretion. *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). Likewise, because a "bankruptcy court's decision to approve or disapprove a settlement rests in the sound discretion of the bankruptcy judge[,] [a] reviewing court will not disturb or set aside the

2

decision unless it achieves such an unjust result as to amount to an abuse of discretion.*" Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 868 (B.A.P. 6th Cir. 2007). "Generally, a court 'abuses its discretion only when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Id*. (quoting *Fleischut v. Nixon Detroit Diesel, Inc*., 859 F.2d 26, 30 (6th Cir. 1988)). A court also abuses its discretion "if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996)).

Although the bankruptcy court's order denying the Debtor's motion to set aside the order approving compromise is the only order on appeal in this case, the order addresses the substance of the Debtor's objections to the compromise. Accordingly, we must also review the bankruptcy court's findings of fact and conclusions of law relative to those objections. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999) ("[A]s a general matter, the appeal from the denial of a Rule 59(e) motion is treated as an appeal from the underlying judgment itself."). Further, notwithstanding the fact that an order of this type would ordinarily be reviewed strictly for abuse of discretion, because it encompasses the bankruptcy court's only findings and conclusions on the objections, we review it accordingly. *See Cockrel*, 270 F.3d at 1047 (order denying motion to alter or amend summary judgment is reviewed *de novo*); *In re Anderson*, 377 B.R. at 868 ("Whether the bankruptcy court's discretionary decision is based upon an erroneous interpretation of the law is a legal question that is reviewed *de novo*.").

The bankruptcy court's findings of fact, including whether the Debtor had adequate notice of the motion to compromise and whether the Debtor acted in bad faith, are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013; *see BP Care, Inc. v. Thompson*, 398 F.3d 503, 514 n.8 (6th Cir. 2005). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985)).

The bankruptcy court's conclusions of law, including whether the certificate of deposit is property of the estate and whether it can be claimed as exempt, are reviewed *de novo*. *Id*. "Under

a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citing *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001)).

### III.  FACTS

On December 2, 1996, the Debtor's business, Jude Custom Systems, Inc. ("Jude"), filed a petition for relief under chapter 11 of the Bankruptcy Code.  The chapter 11 trustee who was appointed by the court requested that the Debtor leave Jude's business premises, but permitted him to retrieve personal items.  One of the items which the Debtor purportedly retrieved was a $100,000 certificate of deposit ("CD") issued by Fifth Third Bank on June 19, 1989, in the name of "Jude Custom Systems, Inc. Pension Plan."  The CD had a maturity date of December 8, 1989.

On January 5, 1998, the Debtor, individually, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  He did not list the CD on his schedules.  He received his discharge on June 30, 1999, and the case was closed on July 21, 1999.

Over two years later, on October 5, 2001, the Debtor filed a state court action against Fifth Third Bank to collect the proceeds from the CD.  The Debtor alleged in the action that because he was the last remaining participant in the Jude Custom Systems Pension Fund, he was successor in interest to the pension fund and thus entitled to redeem the CD.  Fifth Third Bank denied the existence of the CD.

On February 16, 2004, Fifth Third Bank took the deposition of the Debtor in the state court action.  The Debtor testified that he knew the CD existed prior to filing his personal bankruptcy case, and that he had attempted to cash it.  He also testified that he did not list the CD in his personal bankruptcy case because "it was pension money" and he had been told to "leave it lay" or "it would get confiscated." (Appellee's App. at 13.)

The Jude Custom Systems, Inc. Pension Plan Agreement (the "Plan"), signed by the Debtor on behalf of Jude as employer, shows that the Debtor was appointed trustee at the Plan's inception in 1986.  Accrual of benefits under the Plan ceased on June 19, 1991.  By amendment to the Plan dated October 14, 1997, signed by the Debtor as trustee and on behalf of Jude, the Plan was terminated as of December 31, 1997.  The Plan provided for distribution of excess funds upon termination as follows:

> In the event of Termination of Plan, excess funds as determined under Section 12.07, shall . . . be allocated on a pro-rata basis among the Participants in the Plan as of the date of termination based on the present value of the Accrued Benefit, subject to the IRC 415 limits of the Plan as provided under Article VII.

(Appellee's App. at 33).

In his 2004 deposition, the Debtor testified that all other Plan participants had been paid. When asked whether he had any paper work establishing that he was entitled to the CD, the Debtor responded, "No. But if I'm the last one in, I bought it, I paid everybody out, it becomes mine. It's part of the settlement we settled out. I paid everybody what they had coming." (Appellant's App. at 13.)

Prior to trial in the state court action, the United States trustee learned of the suit, prompting him to file in the bankruptcy court on January 6, 2006, an emergency motion to reopen the Debtor's chapter 7 case to administer the CD as an asset of the estate. The United States trustee stated in the motion that although Fifth Third Bank had not admitted the existence of the CD, it was willing to pay a portion of the face value to the bankruptcy estate to pay creditors if the case were reopened. The motion also stated, based on the Debtor's deposition testimony, that the Debtor intentionally failed to list the CD in his bankruptcy case and that, therefore, he should not be allowed to benefit from his fraudulent behavior. Before filing the motion, the United States trustee notified the Debtor's state court counsel of his intention to file the motion and mailed him a courtesy copy, as reflected in the motion's certificate of service. No objection was filed to the Trustee's motion, and on January 18, 2006, the bankruptcy court ordered that the case be reopened. L. Craig Kendrick was then appointed chapter 7 trustee ("Trustee").

On March 30, 2006, the Trustee filed a motion to approve a compromise of the state court action with Fifth Third Bank. The motion stated that although Fifth Third Bank maintains that the CD was paid out according to its terms, the bank was willing to settle the litigation for $17,500. The Trustee asserted that it was a fair and reasonable settlement which would avoid expenditure of substantial funds for attorney fees and litigation costs. Notice of the motion was served upon the Debtor's former bankruptcy counsel, the Debtor's counsel in the state court action, and the Debtor at his address listed with the clerk of the bankruptcy court. No objection to the motion was filed. On April 24, 2006, the bankruptcy court issued an order approving the compromise. On April 28,

2006, the Trustee mailed a copy of the order to the Debtor, again to the address listed with the court, and to his former counsel. None of the mailings to the Debtor or to his counsel were returned.

On May 1, 2006, the Debtor's state court counsel filed a notice of appearance in the bankruptcy case as counsel of record for the Debtor. Also on May 1, 2006, the Debtor, through counsel, filed a motion to set aside the order approving compromise, contending that: (1) he was not properly served with the motion to approve compromise; (2) the CD was not an asset of his bankruptcy estate; and (3) the CD was exempt because it was pension funds. After a hearing on June 13, 2006, the bankruptcy court issued a memorandum of opinion and order on August 28, 2006, denying the Debtor's motion in all respects. The court held that the Debtor had sufficient notice of the motion to approve compromise, the Debtor's interest in the CD was property of the estate, and because the Debtor intentionally omitted this interest from his bankruptcy schedules, he could not claim the CD exempt. The Debtor timely appealed this order.[1]

## IV. DISCUSSION

*Procedural Issues*

The Debtor's motion to set aside the order approving the compromise did not specify the rule of procedure on which the Debtor relied, and the bankruptcy court did not specify under what rule it considered the motion. Because the motion sought a substantive change in the bankruptcy court's judgment and was filed within ten days of the entry of the judgment, we will treat it as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023.[2] *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (motion for reconsideration filed within ten days of final judgment generally treated as motion to alter or amend); *Barger v. Hayes County Non-Stock Co-Op (In re Barger)*, 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998) ("Courts have generally viewed any motion which seeks a substantive change in a judgment as a Rule 59(e) motion if it is made within ten days of the entry of the judgment challenged."); *In re No-Am Corp.*, 223 B.R. 512, 513 (Bankr. W.D. Mich. 1998) (citing *In re Barker-Fowler Elec. Co.*, 141 B.R. 929, 935 (Bankr. W.D. Mich. 1992) (motion for reconsideration of order directing turnover of tax refund treated as made under

---

[1] The Debtor did not appeal the order approving the compromise.

[2] The Debtor did not allege any grounds for relief enumerated in Federal Rule of Civil Procedure 60, such as mistake, newly discovered evidence, fraud or misrepresentation, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.

Rule 59(e)). The Sixth Circuit Court of Appeals has held that motions to alter or amend "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

The Debtor argued in his motion to set aside that approval of the compromise order was legally erroneous because the CD was not his property or property of his estate under 11 U.S.C. § 541 and, alternatively, was eligible for exemption. The Debtor also asserted that the compromise order should be set aside because he received inadequate notice of the motion to approve the compromise. In ruling on the Debtor's motion, the bankruptcy court not only addressed the notice issue, but also reevaluated its approval of the compromise in light of the Debtor's property-of-the-estate and exemption arguments. Because the bankruptcy court ruled on the Debtor's underlying substantive objections to the compromise, we will also review the bankruptcy court's order rejecting the Debtor's objections to the compromise. *See Gencorp, Inc.*, 178 F.3d at 833 ("[A]s a general matter, the appeal from the denial of a Rule 59(e) motion is treated as an appeal from the underlying judgment itself."); *Abbs v. Sullivan*, 963 F.2d 918, 925 (7th Cir. 1992) ("The premise of [a Rule 59(e)] motion is that the judgment was wrong in some respect. This makes a challenge to the denial of the motion a challenge to the judgment itself . . . ."); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) (appeal from final judgment "draws in question all earlier non-final orders and all rulings which produced the judgment").

## *Notice to the Debtor*

Federal Rules of Bankruptcy Procedure 9019(a) and 2002(a)(3) govern the notice that must be given in connection with a motion to approve a compromise. Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Rule 2002(a)(3) provides for 20 days notice by mail of a hearing on approval of a compromise or settlement of a controversy.

In this case, the Debtor does not deny that notice of the motion to approve the compromise was given to him. He contends, however, that notice was ineffective because he was not *properly* served with notice. The Debtor notes that the certificate of service for the motion listed an outdated

address for him,[3] and argues that service on his former bankruptcy counsel cannot constitute service because he was no longer counsel of record. As to service on his state court counsel, the Debtor admits that the Trustee noticed counsel, but maintains that counsel never received a copy of the motion and that service on this counsel is irrelevant because he was not counsel of record in his bankruptcy case at the time the motion was filed.

The bankruptcy court found that the Debtor had actual notice of the motion to approve compromise by virtue of his state court counsel's receipt of the motion. The bankruptcy court observed that the Debtor's state court counsel had filed an appearance in the bankruptcy case and the motion to set aside on May 1, 2006, three days after the trustee had mailed the order approving the compromise, suggesting that the Debtor and his counsel had sufficient notice to take action.

Notice is adequate when although a party did not receive formal notice, actual notice was received. *See Creditors Comm. of Park Nursing Ctr., Inc. v. Samuels (In re Park Nursing Ctr., Inc.)*, 766 F.2d 261, 263 (6th Cir. 1985) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950) (holding that a rule of notice in bankruptcy is adequate, and affords due process, if it is reasonably calculated to achieve actual notice and a procedure to set aside the order is available for one who fails to receive notice)); *see also Bayoud v. Med. Ctr. Hosp. of Garland, Inc. (In re Am. Dev. Int'l Corp.)*, 188 B.R. 925, 934 (N.D. Tex. 1995) (holding that third party non-debtor who asserted he did not receive formal notice of settlement agreement prior to hearing had actual notice because he knew of settlement before the motion was filed and had opportunity to object); *In re Glinz*, 66 B.R. 88, 91 (D.N.D. 1986) (holding that unsecured creditors committee was not entitled to relief despite lack of formal notice of hearing on settlement where attorney representing committee was present, and no showing was made that he could have made any argument with 20

---

[3] The motion was mailed to the Debtor at the address the Debtor had previously listed with the court clerk in connection with his bankruptcy case. If this address was no longer accurate at the time his case was reopened, the debtor had the affirmative duty to file a statement with the court clerk regarding any change to his address. *See* Fed. R. Bankr. P. 4002. In this regard, the Debtor has never maintained that he did not have notice that his bankruptcy case was reopened.

The Debtor indicates that the motion to approve compromise should have been sent to his current address, the one given by him at his February 16, 2004 deposition. In this deposition, the Debtor stated that he was currently staying with his ex-wife, at 11 Overlook Circle, Wilder, Kentucky, and had been there for a period of three months. The record reflects that the Debtor's ex-wife, Carolyn Azbill, was listed as a creditor on the mailing matrix and was served with the motion to approve compromise, as well as all other filings, at the Wilder, Kentucky address.

days notice by mail that he could not have made with actual notice received at hearing). "In bankruptcy, a procedural rule requiring notice is adequately complied with when a party does receive actual notice and has some available remedy to set aside the judgment, whether or not the party has received formal notice." *In re B.I.B. Co.*, 165 B.R. 293, 295 (M.D. Fla. 1994) (citing *In re Park Nursing Ctr., Inc.*, 766 F.2d at 263)).

Based on the record before us, we are unable to conclude that the bankruptcy court's finding that the Debtor had actual notice of the motion to approve compromise is clearly erroneous. At no point, either before the bankruptcy court or during this appeal, has the Debtor asserted that he did not have actual knowledge of the motion to approve compromise. The certificate of service on the motion reflects that the Debtor, his former bankruptcy counsel, and his state court counsel who subsequently became his bankruptcy counsel were served, and none of these mailings were returned as undeliverable.[4] And, while not determinative, the promptness of state court counsel's filing of his notice of appearance and motion to set aside supports the bankruptcy court's finding that the Debtor had actual notice.

Also importantly, there has been no assertion that the Debtor was prejudiced by the alleged failure to properly notice him since the bankruptcy court considered his substantive objections to the compromise in connection with his motion to set aside. *See In re Park Nursing Ctr., Inc.*, 766 F.2d at 263. Accordingly, the bankruptcy court did not abuse its discretion in refusing to alter, amend or set aside its order approving the compromise on the basis that the Debtor did not have adequate notice.

*Asset of the Estate*

The Debtor asserts that the CD was never property of his bankruptcy estate because it was in the name of the Jude Custom Systems, Inc. Pension Plan. He contends that his belief that he was successor in interest to the Plan as the only remaining beneficiary does not constitute ownership for purposes of his bankruptcy petition, and that at best it can be argued that the CD represented an asset that *could* become his property post-petition.

The Debtor's bankruptcy estate consists of his legal and equitable interests in all property. *See* 11 U.S.C. § 541(a)(1). "Legislative history indicates section 541 is intended to be given a broad

---

[4]Also, as set forth in footnote 3 *supra*, the Debtor was living with his ex-wife at the time and the record indicates that she received notice of the motion to approve compromise.

definition to include 'all kinds of property, including tangible or intangible property, causes of action . . . , and all other forms of property specified in section 70a of the Bankruptcy Act . . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." *In re Johnston*, 209 F.3d 611, 613 (6th Cir. 2000) (quoting H.R. Rep. No. 95-595, at 367 (1977)). This broad definition of the estate includes "all legally recognizable interests although they may be contingent and not subject to possession until some future time." *In re Ryerson*, 739 F.2d 1423, 1425 (9th Cir. 1984). The United States Supreme Court has stated, "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S. Ct. 511, 515 (1966). "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993).

Pursuant to the Plan, upon termination which occurred in 1997 prior to the Debtor's bankruptcy filing, excess funds were to be distributed on a pro-rata basis among the remaining participants. With the Plan terminated, the Debtor was entitled to at least a pro-rata share of the CD with all other participants of the Plan. If the Debtor was indeed the only remaining participant in the Plan, he is entitled to the entire CD. Contrary to the Debtor's argument, the definition of estate is broader than ownership. Whether he was entitled to a share or to the whole CD, he had a legal interest in the CD at the time of his bankruptcy filing and this interest was property of his bankruptcy estate.

### Exempt Nature of CD as Pension Funds

Finally, the Debtor asserts that if the CD is property of the bankruptcy estate, it is exempt pursuant to Kentucky Revised Statute § 427.150 and 11 U.S.C. § 522(b) because it is part of a pension plan. Debtors are permitted to exempt certain property from the bankruptcy estate. "An exemption withdraws an interest from the bankruptcy estate, and consequently from the creditors, for the benefit of the debtors." *In re Alam*, 359 B.R. 142, 146-47 (B.A.P. 6th Cir. 2006) (citing *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 842 (B.A.P. 6th Cir. 1998)). A state can choose whether its residents may use the available federal exemptions set forth in 11 U.S.C. § 522, or use its own state exemptions. *See* 11 U.S.C. § 522(b). Kentucky has elected to opt-out of the federal exemptions, and debtors are only entitled to claim any exemptions allowable under state law and under non-bankruptcy federal law. *See* Ky. Rev. Stat. Ann. § 427.170; *In re Beltz*, 263 B.R. 525, 527-28 (Bankr. W.D. Ky. 2001). Pension funds may be exempt under Kentucky Revised Statute

10

§ 427.150 to the extent necessary for the support of the Debtor and his dependents. *In re Peklenk*, 106 B.R. 119, 121 (Bankr. W.D. Ky. 1989).[5]

The Debtor had an affirmative duty to disclose all of his assets to the bankruptcy court. 11 U.S.C. § 521(1); *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Even those assets which are believed to be worthless or unavailable to the bankruptcy estate must be reported. *In re Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992). If a debtor is uncertain as to his interest in any property, the asset should be scheduled with an appropriate explanation. *Am. State Bank v. Montgomery (In re Montgomery)*, 86 B.R. 948, 959 (Bankr. N.D. Ind. 1988), *abrogated on other grounds by United States v. Walters (In re Walters)*, 176 B.R. 835, 875 (Bankr. N.D. Ind. 1994). "The bankruptcy process provides that the debtor must first list such property and claim such exemptions. Next, the trustee has an opportunity to review the claim for exemptions. Then, upon the trustee's objections, the bankruptcy court determines the legitimacy of the claim or, if the trustee has no objections, the exemption is then granted." *In re Yonikus*, 974 F.2d at 905 n.9. The Debtor upset this process when he failed to list his interest in the CD as an asset on his schedules.

Prior to his bankruptcy filing, the Debtor knew about the CD as he had retrieved it from the records of Jude and had even attempted to cash it. Also prior to his bankruptcy filing, the Debtor knew that the Plan had been terminated, and presumably as settlor, trustee, and signator to the Plan, he knew of the Plan's provisions that entitled him at a minimum to a pro-rata share of the CD. Therefore, despite any possible uncertainty of the Debtor as to the extent of his interest in the CD, it should have been listed as an asset on his schedules.

By his own admission, the Debtor intentionally did not list the CD as an asset in his bankruptcy case. He testified that "they told me to leave it go until all the bankruptcy is all over in case there was some problems come up with it. The money might be put in some fund that could be taken out of or it would get confiscated. I was told to leave it lay." (Appellee's App. at 13.) When asked who gave him that information, he stated, "Probably my attorneys or my investments [sic] or somebody." (Appellee's App. at 13.) In completing his schedules, the Debtor was not free to unilaterally decide to omit the CD from his assets based on his belief that it should not be made

---

[5] Although not addressed by the bankruptcy court, the Panel questions whether the CD would have even qualified for an exemption under Kentucky Revised Statute § 427.150(f) in light of the termination of the pension plan prior to the Debtor's bankruptcy filing.

available to satisfy the claims of creditors. *See In re Robinson*, 292 B.R. 599, 611 (Bankr. S.D. Ohio 2003).

Federal Rule of Bankruptcy Procedure 1009(a) provides that debtors may amend their schedules as a matter of course at any time before the case is closed. This case was closed long before the Debtor's attempt to claim the CD as exempt. Technically, therefore, the claim of exemption was late and should not be allowed on that basis. However, despite the fact that Rule 1009(a) specifically refers to amending schedules *before* a case is closed, some courts have held that there is no difference between a case which has not been closed and a reopened case with respect to amended exemption claims. *See In re Goswami*, 304 B.R. 386, 392-93 (B.A.P. 9th Cir. 2003); *Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 766 (N.D. Cal. 2000) ("[F]or the purposes of filing amendments, there is no difference between an open case and a reopened case, and [a debtor in a reopened case does] not need the court's permission to amend."). Even though a debtor in a reopened case can amend his exemption schedule, he does not have an absolute right to have the exemption allowed. Courts may "refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed." *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984) (citing *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir. 1982)); *In re Lundy*, 216 B.R. 609, 610 (Bankr. E.D. Mich. 1998).

The bankruptcy court explicitly found that the Debtor could not justify his failure to list the CD as an asset. The court reasoned that "intentional concealment of assets bars the debtor's exemption claim . . ." (Appellant's App. at 87.) From this reasoning, we infer that the bankruptcy court believed the Debtor's non-disclosure of the CD to be intentional and in bad faith. We review this finding for clear error. *In re John Richards Homes Bldg. Co.*, 439 F.3d 248, 254 (6th Cir. 2006). Bad faith may be found when a debtor attempts to conceal an asset. *In re Kaelin*, 308 F.3d 885, 890 (8th Cir. 2002); *In re Arnold*, 252 B.R. 778, 785 (B.A.P. 9th Cir. 2000); *Gold v. Guttman (In re Guttman)*, 237 B.R. 643, 651 (Bankr. E.D. Mich. 1999). Concealment of an asset will bar exemption of that asset. *In re Kaelin*, 308 F.3d at 890 (citing *In re Doan*, 672 F.2d at 833); *see also In re Robinson*, 292 B.R. at 609.

The Debtor admitted to intentionally omitting the CD because he was told it may be confiscated. Also, at another point in his deposition when asked whether he listed the CD as an asset in his bankruptcy case, the Debtor replied, "No, because it was pension money. Let me tell you about personal bankruptcy. I did that through bad advice. I didn't owe the money I found out.

Everybody was paid. I just got a bad strike for nothing." (Appellee's App. at 12.) According to the bankruptcy court, "the cumulative effect of this testimony is that the Debtor obviously considered the C.D. to be his personal property, an asset that he should be able to retain because he had been ill-advised in filing his bankruptcy. The Debtor considered the C.D. to be his, treated it as his, and attempted to cash it." (Appellant's App. at 86.)

The bankruptcy court's finding that the Debtor intentionally concealed the CD in bad faith is supported by the Debtor's deposition testimony and is, therefore, not clearly erroneous. Moreover, the court's refusal to permit the exemption is not legally erroneous. As such, we find no abuse of discretion in the bankruptcy court's refusal to alter or set aside its prior order.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order is AFFIRMED.